Good morning, your honors. May it please the court, my name is LeVar Taylor and I'm appearing on behalf of the appellant, Daniel Ilko. Welcome to the world of tax and bankruptcy. There are three things that drive this case. One, we are dealing with responsible personal liability for non-trust fund taxes. That's critical. One reason that's critical is because when you look at the subsections under what is now 507A8, which was 507A6 when it was enacted, if you go back and look at the legislative history, there are subsections A through E. They list different categories of taxes and they talk about when these taxes are entitled to priority, which drives dischargeability. If it's entitled to priority, it's not dischargeable. In subsection C, which deals with withholding taxes, there's this magic phrase, in whatever capacity. The origin of that is a Supreme Court case under the Bankruptcy Act, so tell them. That is the only subsection under 507A8 where that language appears. So what you have outside of the subsection C are these rules that are time-driven, event-driven, income taxes. When was the tax assessed? When was the return filed? But under subsection C, you have a situation where it doesn't matter when it was assessed. It doesn't matter whether it was assessed against this particular, whether you were the taxpayer or you were the withholding agent. That is the responsible person. By not including that language in subsections A and E, which are the two subsections applicable here, which A deals with income slash gross receipts taxes, E deals with excise taxes, and we do have a dispute, which I'll talk about in a moment. By not including this phrase in whatever capacity in any of the other sections, Congress made a conscious choice to not give priority to responsible personal liability for non-trust fund taxes. It's very simple. There are no reported cases where this argument has been raised that I'm aware of. Even the George case, which was the old BAP decision, which held for the state board, did not address and neither side, nor the majority, nor the dissent, talked about those magic words. Those magic words take care of everything. That's part one. Part two, if for some reason the court believes that, your honors believe that, those magic words do not dispose of that. You then move on to the second issue. The second issue, alternatively, is whether sales taxes fall within A as a gross receipts slash income tax measured on or by gross receipts income, or whether they fall within excise taxes, which is E. If we fall under only E, it's undisputed that these taxes were discharged. The reason being is the only event that's relevant under E is whether the return was filed more than three years ago. And here, the taxes are ancient taxes. The corporate liability is from quarters from 93 through 96. An audit assessment was made against the corporation in 97. Well, but they don't come into play until the corporation dissolves. Responsible people don't even get into the sights of the state board's gun until the corporation goes. That's under the prior version of the law. That's correct. That deals with the statute of limitations. Right. But I'm not focused on the statute of limitations issue right now. I am focused on sales tax versus excise tax. If you look at A, which deals with income taxes or gross receipts taxes, it talks about taxable year. That is the time period normally associated with income taxes or their equivalent. I cited in the brief the business and occupations tax imposed by Washington State as an example of a tax that is not quite an income tax but is an income tax equivalent. Washington State does not have an income tax, as they do in California. Instead, they have a business and occupations tax, which imposes taxes on all of a business's gross receipts. Sales taxes are only imposed by the state of California on sales of tangible personal property within the state of California. That is not a gross receipts tax, as that term is used in the federal bankruptcy code. The fact that California law says, well, we're going to determine the sales tax by the gross receipts is not dispositive because under fairing, that's the F-E-I-R-I-N-G, in other cases, you look to federal law to determine what is or what is not an income or gross receipts tax. You don't look to the labels imposed by state law. And under California law, sales taxes are not imposed on the gross receipts of a business. They are not imposed on sales to wholesalers within California. They are not imposed on sales of anything to people outside of California. They are not imposed on sale of real property in California. They are not imposed on sales of intangible personal property in California. It is simply not a gross receipts tax, period. That is implicit. We can look to state law for guidance. If you look at the multistate tax compact, which is R&T Tax Code 38006, cited in the brief, that's, again, a multistate tax, you know, different states look to that, and they specifically say in that tax compact that sales taxes are excluded from gross receipts tax. Well, the BAP took a different approach to this. The BAP said that these categories under 50788 are not mutually exclusive, that there can be overlap and something can fall into both. What's the problem with that analysis? Well, I can't say that there would never be an excise tax that could not qualify as a gross receipts tax. I can't say that. I can't make that statement. What I can make, the statement I can make, is this California sales taxes are not gross receipts taxes, as that term is used in the bankruptcy code. Why? I just said they are not imposed on the whole gross receipts of a business. They are imposed on sales of personal property within the state of California. They are, by all definitions, excise taxes. So, for example, airline ticket excise taxes imposed by the federal government is an excise tax. Airlines, that is not a gross receipts tax. Airlines get their income from, as we all unfortunately know, anytime you change a reservation, anytime you want an extra bag. They have income from all sources besides tickets. The airline excise tax, the tax you pay on an airline ticket, is not a gross receipts tax as used in the bankruptcy code, even though it may be, the excise tax may be computed by looking at the total sales of airline tickets. It's not looking to the total income of the business, and that's what subsection A was intended to apply to. Part three. Part three deals with assessable but not assessed. That, in turn, refers us to California law. I refer the Court to a California Court of Appeals decision cited in the brief called Weirich. In that case, the State Board of Equalization argued successfully to the Court of Appeals that this provision that says, well, California State Board cannot chase a responsible person until the business terminates is not part of the statute of limitations. That was their argument, and they succeeded. And now they're coming before this court, having succeeded on that argument, and saying, well, you mean something different now. It really was part of the statute of limitations. The Court of Appeals in California said, no, it's not. And, in fact, the law was changed to fix the problem. California legislature had, prior to the change in the law, concluded that the remedies available to the State Board were sufficient. They didn't need to go and be able to chase responsible persons, you know, way down the road. Or they could have asked for an extension of time. That was available to them. They could have pulled the permit at any time, thereby forcing the business to shut down, thereby triggering the statute of limitations. I have one minute left, and I would like to reserve that for rebuttal. Thank you. Thank you. Good morning. May it please the Court. I'm Deputy Attorney General Leslie Brandman-Smith, representing the Board of Equalization. Since executive auto sales ceased its business in 2003, leaving unpaid sales tax, the State Board of Equalization turned to its president and majority shareholder, Mr. Ilko, to pay the outstanding tax debt for the corporation because he was the responsible person under California tax law. A dual determination assessment was issued for Mr. Ilko in November 2005. Now, the reason that Mr. Ilko's responsible personal liability assessment could not be discharged since 2001 bankruptcy was because it was for a tax measured by gross receipts that was assessable but not yet assessed when Mr. Ilko filed his bankruptcy petition. Under the George and the Lorber cases, a debtor's personal liability under Tax Code Section 6829 was for a tax for purposes of non-dischargeability. This liability is a tax because it's an involuntary pecuniary burden imposed by the legislature under the taxing power of the state for public purposes. The taxes at issue did not change because it went from executive auto sales to Mr. Ilko. Although it's a dual determination in California, it's a serial determination because the responsible person's personal liability for the unpaid corporate taxes only arises after the termination or abandonment of the corporation. He could not have been assessed until it was clear that EAS would not pay the tax debt. Now, it was raised that perhaps the Board of Equalization could have gone in and shut down the business. They had the power to do that, but perhaps it was not the best way to collect outstanding taxes is shutting down the business. They knew, the Board of Equalization knew, that if the corporation ceased doing business, owing the taxes, then they could go against the individuals, and in this case, Mr. Ilko. Since Mr. Ilko and the company are separate individuals for tax purposes, the Board issued a separate notice of determination for Mr. Ilko after EAS terminated its business operations, and the tax was not assessed when Mr. Ilko filed for bankruptcy protection, but remained assessable until EAS terminated its business. Personal liability arises under 6829 for sales tax only upon termination, dissolution, or abandonment of the corporation. Sales taxes in California are different than other states. In many states, sales taxes are trust fund taxes. The burden is on the purchaser to pay the tax. The retailer then collects the tax, holds it in trust, and pays it to the state. That's when 507A8C takes effect. So it has to be withheld taxes. It does not refer to whether the taxes have been collected, but instead applies to taxes required to be collected or withheld. In states other than California, courts have determined that the ultimate burden of the sales tax is on the consumers, not the sellers, and that a mandatory duty is imposed on the seller to collect and emit the state sales tax, and therefore the tax at issue was one which was collected from third parties, making it a trust fund tax. I'm sorry. Mr. Taylor says that his unique arguments have never been presented before, and the George decision by the bankruptcy appellate candidate of the Ninth Circuit should not be used in this case. The reason that 507A8C, which is whenever capacity was added by the legislature, appears to be that they were dealing with a specific problem. They added it to trust fund taxes. They didn't have to change the law on the other sections, A or E, the one measured by gross receipts or excise tax, because the situation with the law in those sections was fine. They didn't have to make a change. They addressed a specific problem, and they changed in whatever capacity to trust fund taxes. This is not a trust fund tax case. To make sure they would not escape. Right. That's right. And allowing people to manipulate the bankruptcy law so they could hold off the closing of their business so this time would run on statute of limitations as to the individual is not what this section is all about. You have to find the responsible person and have that person who's responsible pay the outstanding sales tax. 507A8C does not apply to this case. Also, Mr. Taylor raised that there are other kinds of taxes in California that are not measured by gross receipts. They're not part of this case either. We're not talking about property taxes or other kind of business taxes. The section that applies is the subsection A, which says measured by gross receipts. These sales taxes are measured by gross receipts. It's all the gross money that you get in, except for a few exceptions, like if you return the product and get your money back, things like that. It's all measured by that. Whatever you get in in receipts, you pay a percentage when the law was written and it's quoted in the briefs. It was 2.5% and now it's up to about 8.5%, but you paid that percentage to the state. It's the retailer that's responsible. Whether or not that retailer gets any sales tax reimbursement from the buyer is of no moment. You see ads, buy this mattress and we won't charge you any sales tax. What that means is that the seller won't charge the buyer any sales tax reimbursement. It doesn't mean that the seller does not pay sales tax to the state because the seller does. The sellers are responsible. This is not a trust fund case. So subsection C does not apply. So in this case, the limitation periods for imposing responsible personal liability on ILCO did not run until EAS ceased operations in 2003. In 2005, the dual or serial determination was issued to Mr. ILCO, so it was within that 64-87 three-year statute of limitations, if we're going to go back to that with WIREC. For the court to adopt Mr. ILCO's position, the court would have to reverse three prior decisions, George, Raymond, and Schenck, and go against the plain language of the California Revenue and Taxation Code. In addition, the case law in this topic distinguishes trust fund taxes, those are required to be paid by the purchaser to a seller, and it seems that the trust fund type sales tax is more prevalent in other states. In California, we have our own unique system, and the seller is responsible. So under the law, I believe that the summary judgment motion of the State of California, the Board of Equalization, should be granted, and the decision of the bankruptcy court should be overturned. Was there anything in the BAP opinion with which you took exception? No, I thought the BAP opinion was right on 24 pages, and it completely analyzed the bankruptcy law and how things applied, and they were right. It understood adequately California State law? Yes, I believe so. Although, as was raised by the BAP, it says, yes, it was an excise tax, but the section A says measured by gross receipts, and so it applies completely. Thank you, counsel. You may respond. The fact that they added this language in whatever capacity to trust fund, so to use Judge Frantz's phrase, so they would not escape. We do not interpret statutes in a way to make language surpluses. That language is not there. And so, in whatever capacity, it was clearly designed to address personal liability. If I'm running a business, and I own it, but I'm not the taxpayer. But isn't here the tax measured by gross receipts? Isn't that the way the language reads? That's exactly what we're dealing with. Under state law, but that's not the test. The test is under federal law, whether Congress intended for this to be a tax measured or income or gross receipts, as defined in the bankruptcy code. It is clearly an excise tax. And if you go look at the Schenck case, which was cited, they talk about the legislative history, and the legislative history makes it very clear that this, in fact, the excise taxes, subsection E, applies to sales taxes. And so, the label used by California does not matter. But again, if you look at the labels used by California, it's conflicting. Because that multi-tax compact says, oh, sales taxes are not gross receipts taxes. That's in the California code. So, you don't look to state law to determine whether or not it is an income or gross receipts tax. That is designed to get income taxes or income tax equivalents. And sales taxes are not those equivalents. Second, the back opinion completely misread Weirich. The court, the order asked whether or not the back opinion was correct in all respects, and it's particularly dealing with state law. You know, Weirich, and I quoted it in my brief, Weirich quotes extensively about the arguments made by the state board. All of that entire discussion is completely ignored by the back. The fact that the board was arguing that this provision that says you can't go after responsible persons until the business terminates is merely a condition precedent to just as being responsible or willful is a condition precedent. It has nothing to do with the statute of limitations, which is a completely different subsection. In fact, the argument being made by the person who was a former officer, he's saying, look, if you buy the state's argument in this case, there's going to be an unlimited statute of limitations. And the court of appeals said, absolutely not. There is not going to be an unlimited because the responsible person is deemed to be a taxpayer for purposes of the statute of limitations. And that statute of limitations is three years. And you, Mr. Weirich, are not making a statute of limitations argument in this case. They specifically said that. All of that discussion was omitted, was ignored by the back. And that is critical to the statute of limitations. We have a California court case that says this provision is not part of the statute of limitations. It's not. That's what Weirich says. And that was completely ignored by the bankruptcy appellate panel. Any further questions? Judge Reimer? No, thank you. All right. Thank you, counsel. We appreciate your arguments. The case just argued is ordered submitted. And we'll be in recess for the day. Thank you. Thank you. All rise. This court for this session stands adjourned.
judges: Beistline, Trott, Rymer